729 A.2d 52 (1999)
321 N.J. Super. 360
STATE of New Jersey, Plaintiff-Appellant,
v.
William BURFORD, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued May 5, 1999.
Decided May 21, 1999.
*53 Gary A. Thomas, Assistant Prosecutor, for plaintiff-appellant (Patricia A. Hurt, Essex County Prosecutor, attorney; Mr. Thomas, of counsel and on the brief).
Jacqueline E. Turner, Assistant Deputy Public Defender, for defendant-respondent (Ivelisse Torres, Public Defender, attorney; Ms. Turner, of counsel and on the brief).
Before Judges KING, NEWMAN and FALL.
The opinion of the court was delivered by NEWMAN, J.A.D.
At issue in the State's appeal is whether this second-degree eluding conviction qualifies as a "violent crime" to subject defendant's sentence to the eighty-five percent minimum term of the "No Early Release Act" (the Act), N.J.S.A. 2C:43-7.2. The sentencing judge held the Act inapplicable because defendant, William Burford, did not intend to use the vehicle as a "deadly weapon." We agree and affirm. However, we remand for resentencing on the third-degree receiving stolen property and third-degree criminal mischief charges to which defendant pled guilty, but were improperly merged with the second-degree eluding offense.
On October 9, 1997, defendant drove a stolen BMW vehicle from the parking lot of a fast food restaurant in Newark. Officers of the Newark Police Department on patrol observed the vehicle and were advised that it was stolen. The officers activated their siren and lights and followed defendant as he proceeded down several residential streets before running a red light and striking another vehicle. No one was seriously injured in the accident. There was $2000 worth of damage to the stolen BMW. Defendant left the vehicle and ran. He was apprehended by the police, and resisted arrest before he was handcuffed.
Defendant, who had never been in the criminal justice system either as a juvenile or as an adult, pled guilty to all four counts of an open indictment. He admitted taking possession of the BMW knowing that it had been stolen. He acknowledged that he fled from the police and was in an accident by "recklessly driving that vehicle into the other vehicle." He stated that he resisted the officers when they tried to handcuff him.
Before sentencing, the judge held a hearing as required by N.J.S.A. 2C:43-7.2e and denied the State's application that defendant be sentenced pursuant to N.J.S.A. 2C:43-7.2. The judge found that defendant did not intend to use the car as a weapon and was, therefore, not within the purview of the Act. He ordered all sentences to merge into the eluding count for which defendant was sentenced to five years' imprisonment. The usual penalties and twenty-four month driver's license suspension were imposed with restitution to be determined at a later date.
*54 On appeal, the State contends that defendant's use of the automobile constituted a "deadly weapon" under the Act, and, therefore, defendant should be sentenced according to the provisions of that Act. The State also contends that the convictions for receiving stolen property and criminal mischief do not merge into the eluding conviction. Defendant agrees that the sentences were improperly merged, although it is likely that the judge contemplated that any sentence to be imposed run concurrently. We agree that the sentences should be unmerged and remand for sentencing. We now consider whether the provisions of the Act apply to the circumstances of this second-degree eluding conviction.
N.J.S.A. 2C:43-7.2 provides:
a. A court imposing a sentence of incarceration for a crime of the first or second degree shall fix a minimum term of 85% of the sentence during which the defendant shall not be eligible for parole if the crime is a violent crime as defined' in subsection d. of this section.
Defendant was convicted of a second-degree crime, eluding the police, N.J.S.A. 2C:29-2b. N.J.S.A. 2C:43-7.2d states in pertinent part:
For the purposes of this section, "violent crime" means any crime in which the actor causes death, causes serious bodily injury as defined in subsection b. of N.J.S.A. 2C:11-1, or uses or threatens the immediate use of a deadly weapon.
It is undisputed that defendant neither caused death nor serious bodily injury. The only issue is whether he used or threatened the use of a deadly weapon.
N.J.S.A. 2C:43-7.2d defines "deadly weapon" as
any firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used, is known to be capable of producing death or serious bodily injury. The only decision addressing the issue of what is a deadly weapon under the Act is State v. Ainis, 317 N.J.Super. 127, 721 A.2d 329 (Law Div.1998). There, the court addressed whether a defendant who committed a robbery while threatening to inject the store clerk with an AIDS-infected needle was subject to the eighty-five percent minimum term sentence. Id. at 130, 721 A.2d 329. In concluding that the hypodermic needle was used as a deadly weapon, the court referred to the affirmative threats by the defendant and the deliberate motioning of the possibly contaminated needle toward the victim. Id. at 133, 721 A.2d 329. The Ainis court recognized that an object that is not ordinarily considered a deadly weapon could be used as one depending on the circumstances. In Ainis, the circumstances qualified.
The court in Ainis followed the analysis employed by this court in State v. Riley, 306 N.J.Super. 141, 703 A.2d 347 (App.Div.1997). There, defendant committed a robbery while he possessed a folding knife in his pocket. Robbery is a crime of the first-degree if the actor is armed with a deadly weapon. We noted in Riley that deadly weapons can be divided into two categories: firearms, which are per se deadly weapons and every other object which may or may not be a deadly weapon. Id. at 146, 703 A.2d 347. Within the catch-all non-firearm category are other per se weapons, that are not firearms "namely objects that, by their nature, have no apparent use or purpose other than the infliction of death or serious bodily harm and whose likelihood of possession for a lawful purpose is so remote that their possession by persons who are not members of the military or a law enforcement unit is interdicted by law." Id. at 146-47, 703 A.2d 347 (citations omitted). We further recognized a class of objects "having a wide variety of lawful uses but of which may take on the character of a deadly weapon" depending on the circumstances. Id. at 147, 703 A.2d 347. We articulated the test in the following terms: *55 [T]he character of this class of objects as deadly weapons is, in every case, entirely circumstantialthat is, did a particular defendant possess a particular object at a particular time and in a particular situation with the intention of using it as a weapon.
[Id. at 147, 703 A.2d 347].
In applying the Riley analysis to the facts here, the sentencing judge's conclusion that defendant did not possess the automobile with the intent to use it as a weapon is clear. An automobile is not a firearm, nor is it an object for which there are no innocent uses. Simply put, an automobile is ordinarily expected to be used as a means of transportation.
On the other hand, an automobile can be used as a deadly weapon under certain circumstances; the most obvious example being where it is driven directly at a law enforcement officer who is positioned to stop the vehicle. Thus, there may be circumstances where an automobile can be used as a deadly weapon. Indeed, almost every object, animate or inanimate, can be used as a deadly weapon under certain circumstances. See State v. Villar, 150 N.J. 503, 513, 696 A.2d 674 (1997) (noting that a beer stein can be considered a deadly weapon); State v. Harmon, 104 N.J. 189, 210, 516 A.2d 1047 (1986) (recognizing that a golf club or baseball bat can be a deadly weapon); State v. Dishon, 222 N.J.Super. 58, 62, 535 A.2d 998 (App.Div.1987) (finding that a pipe was a deadly weapon by the manner in which it was used or intended to be used), certif. denied, 110 N.J. 508, 541 A.2d 1368 (1988). Here, we merely hold that under the circumstances presented, the stolen vehicle was not used as a deadly weapon.
In our view, accidental or reckless use of an otherwise innocent item must be separated from deliberate use as a weapon. To punish unintentional use would not further the purposes of the Act which seek to punish those who commit violent crimes. N.J.S.A. 2C:43-7.2a. Nothing in this record suggests that defendant intended to use the car as a deadly weapon. While we do not condone his use of the vehicle to escape the police and his reckless striking of another vehicle, these circumstances, in and of themselves, did not bring the offense within the purview of the Act. If we were to hold otherwise, we would establish a strict liability test and in effect would make every second-degree eluding offense subject to the eighty-five percent minimum term sentence. We do not believe the Legislature had any such intention.
Except for unmerging the convictions on Counts One and Two and remand for resentencing on those counts, the judgment of conviction and sentence imposed on Count Three is affirmed.