741 A.2d 101 (1999)
326 N.J. Super. 228
STATE of New Jersey, Plaintiff-Respondent,
v.
Stephen FERENCSIK, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted September 28, 1999.
Decided October 28, 1999.
Ivelisse Torres, Public Defender, for defendant-appellant (Linda Mehling, Assistant Deputy Public Defender, of counsel and on the brief).
John J. Farmer, Jr., Attorney General, for plaintiff-respondent (Michael J. Williams, Deputy Attorney General, of counsel and on the brief).
Before Judges D'ANNUNZIO, NEWMAN and FALL.
The opinion of the court was delivered by
D'ANNUNZIO, J.A.D.
The issue is whether the "No Early Release Act," N.J.S.A. 2C:43-7.2 (Act), which requires service of 85% of a sentence for a "violent crime" before an inmate is eligible for parole, applies to vehicular homicide, N.J.S.A. 2C:11-5. We hold that it does.
Defendant waived indictment, and was charged in Middlesex County Accusation No. 246-10-97 with vehicular homicide for causing "the death of Amanda Bolitho *102 by driving a vehicle recklessly," in violation of N.J.S.A. 2C:11-5a. Defendant pled guilty to the accusation and to operating a vehicle while under the influence of alcohol. N.J.S.A. 39:4-50(a). Defendant conceded that he was intoxicated and was operating his vehicle recklessly when he struck and killed Amanda. He also conceded that his blood alcohol content, established by a blood test, was 0.293.
Vehicular homicide is a second-degree offense. The court sentenced defendant to ten years in prison and determined that the Act applied. Therefore, defendant must serve eight years and six months before he is eligible for parole.
Defendant appealed from his sentence. The appeal was scheduled for oral argument on our excessive sentence calendar. At oral argument, defense counsel and the court discussed the Act's applicability to vehicular homicide. Thereafter, we entered an order postponing the appeal "until a later date for disposition after full briefing on a regular calendar." In his appellate brief, defendant contends that the Act does not apply to vehicular homicide because recklessness is the culpability element of vehicular homicide and the definition of a violent crime in the Act must be limited to crimes involving knowing or purposeful conduct. We disagree.
N.J.S.A. 2C:43-7.2 a and d provide:
a. A court imposing a sentence of incarceration for a crime of the first or second degree shall fix a minimum term of 85% of the sentence during which the defendant shall not be eligible for parole if the crime is a violent crime as defined in subsection d. of this section.
...
d. For the purposes of this section, "violent crime" means any crime in which the actor causes death, causes serious bodily injury as defined in subsection b. of N.J.S.A. 2C:11-1, or uses or threatens the immediate use of a deadly weapon. "Violent crime" also includes any aggravated sexual assault or sexual assault in which the actor uses, or threatens the immediate use of, physical force.
In Essex Crane Rental Corp. v. Director, Div. of Civil Rights, 294 N.J.Super. 101, 682 A.2d 750 (App.Div.1996), we discussed principles of statutory construction:
In construing a statute we must effectuate the Legislature's intent. Monmouth County v. Wissell, 68 N.J. 35, 43-44, 342 A.2d 199 (1975). Sources of legislative intent are the language of a statute, the policy behind a statute, concepts of reasonableness, and legislative history. Coletti v. Union Co. Bd. of Chosen Freeholders, 217 N.J.Super. 31, 35, 524 A.2d 1270 (App.Div.1987); Shapiro v. Essex County Bd. of Chosen Freeholders, 177 N.J.Super. 87, 92 424 A.2d 1203 (Law Div.1980), aff'd, 183 N.J.Super. 24, 443 A.2d 219 (App.Div. 1982), aff'd, 91 N.J. 430, 453 A.2d 158 (1982).
"[W]e must first look at the evident wording of the statute to ascertain its plain meaning and intent." Renz v. Penn Central Corp., 87 N.J. 437, 440, 435 A.2d 540 (1981). Our duty is to apply the legislative intent as expressed in the statute's language, and we are not to presume that the Legislature intended something other than what it expressed by its plain language. In re Jamesburg High Sch. Closing, 83 N.J. 540, 548, 416 A.2d 896 (1980); In re Howell Tp., Monmouth County, 254 N.J.Super. 411, 419, 603 A.2d 959 (App. Div.1991).
[Id. at 105, 682 A.2d 750.]
Penal statutes, however, are to be strictly construed, State v. Edwards, 28 N.J. 292, 298, 146 A.2d 209 (1958), and this principle applies to the Act. State v. Thomas, 322 N.J.Super. 512, 518, 731 A.2d 532 (App.Div.1999) (holding that the No Early Release Act must be strictly construed). But "the rule of strict construction does not mean that the manifestations of the Legislature's intention should be disregarded." Ibid. Accord State v. *103 Bridges, 131 N.J. 402, 406, 621 A.2d 1 (1993); State v. Hugley, 198 N.J.Super. 152, 156, 486 A.2d 900 (App.Div.1985). In the absence of a special meaning, the words in a statute are to be given their ordinary and well understood meaning. Fahey v. Jersey City, 52 N.J. 103, 107, 244 A.2d 97 (1968).
We perceive no ambiguity from language or context in the Act's definition of a "violent crime" as "any crime in which the actor causes death." But cf. State v. Thomas, supra, 322 N.J.Super. at 519-520, 731 A.2d 532 (holding that Act did not apply to second-degree sexual assault in the absence of physical force independent of the predicate act of sexual contact). The Act's definition of violent crime includes vehicular homicide, which is committed by causing death through the reckless operation of a vehicle. N.J.S.A. 2C:11-5a.
Defendant contends that the Act's definition of "violent crime" does not set forth the level of culpability that the actor must possess in causing death and, therefore, N.J.S.A. 2C:2-2c(3) must be used to fill this "gap." N.J.S.A. 2C:2-2c(3) states in relevant part:
Although no culpable mental state is expressly designated in a statute defining an offense, a culpable mental state may nevertheless be required for the commission of such offense.... A statute defining a crime ... should be construed as defining a crime with the culpability [of knowingly]. This provision applies to offenses defined both within and outside of this code.
[N.J.S.A. 2C:2-2c(3) (emphasis added).]
This statute fills the "gap" by incorporating the culpability element of "knowingly" defined in N.J.S.A. 2C:2-2b(2). Thus, according to defendant only violent crimes knowingly or purposely committed are subject to the Act. A plain reading of this statute, however, indicates that this "gap filler" provision is applicable to the definition of criminal offenses and not all criminal statutes, as defendant contends.
We additionally observe that defendant's construct would also exclude reckless manslaughter, N.J.S.A. 2C:11-4b(1), and, perhaps, aggravated manslaughter, N.J.S.A. 2C:11-4a, from the Act's reach. We are persuaded that such a result would violate the Legislature's intent.[1]
Defendant also contends that imposition of the maximum sentence was excessive. We perceive no warrant to interfere with the sentence. This was defendant's third conviction of driving while intoxicated. He has three prior municipal court convictions for shoplifting, possession of less than 50 grams of marijuana and terroristic threats. He was convicted in Pennsylvania of burglary, theft and receiving stolen property. Defendant was operating the vehicle which struck Amanda while his license was suspended.
We remand, however, for entry of an amended judgment. The amended judgment shall indicate that the Act applies and shall "fix" the period of parole ineligibility under the statute. In this case, that period is eight years and six months.
Affirmed and remanded for entry of an amended judgment.
NOTES
[1] We are aware of three published opinions addressing the Act in addition to State v. Thomas, supra. In State v. Johnson (Martel), 325 N.J.Super. 78, 737 A.2d 1140 (App.Div. 1999), we held that possession of a weapon with a purpose to use it unlawfully was not a violent crime. In State v. Burford, 321 N.J.Super. 360, 729 A.2d 52 (App.Div.), certif. granted, 162 N.J. 128, 741 A.2d 96 (1999), we held that defendant's operation of an automobile to elude police did not constitute the use of or threat to use a deadly weapon and, therefore, the Act did not apply where defendant did not cause death or serious bodily injury. In State v. Ainis, 317 N.J.Super. 127, 721 A.2d 329 (Law Div.1998), the trial court held that the State had to prove the Act's applicability beyond a reasonable doubt.