777 A.2d 346

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT AND
CROSS–RESPONDENT, v. BARRY D. WADE, DEFEN-
DANT–RESPONDENT AND CROSS–APPELLANT.

Argued May 1, 2001—Decided August 9, 2001.

*Robert W. Johnson*, Acting Assistant Prosecutor, argued the
cause for appellant and cross-respondent (*David E. Blaker*, Acting
Cape May County Prosecutor, attorney).

*Daniel V. Gautieri*, Assistant Deputy Public Defender, argued the cause for respondent and cross-appellant (*Peter A. Garcia*, Acting Public Defender, attorney).

*Analisa Sama Holmes*, Deputy Attorney General, argued the cause for amicus curiae, Attorney General of New Jersey (*John J. Farmer, Jr.*, Attorney General, attorney).

PER CURIAM.

Defendant pled guilty to second-degree vehicular homicide, *N.J.S.A.* 2C:11–5, and to operating a vehicle while under the influence of alcohol (DWI), *N.J.S.A.* 39:4–50(a). The sentencing court held that the No Early Release Act (NERA), *N.J.S.A.* 2C:43–7.2, did not apply to vehicular homicide. The court also declined to merge the vehicular homicide conviction with the DWI conviction, concluding that defendant's reckless conduct in causing the death of the victim was conduct separate and independent from the DWI offense. In an unreported order, the Appellate Division affirmed the judgment of conviction.

We hold that vehicular homicide is subject to NERA, substantially for the reasons expressed by the Appellate Division in *State v. Ferencsik*, 326 *N.J.Super.* 228, 741 *A.2d* 101 (App.Div. 1999). We further hold that under the facts of this case, the sentencing court should have merged defendant's DWI conviction with his vehicular homicide conviction. The merger, however, carries with it the statutory penalties for drunk driving. We adopt that position substantially for the reasons expressed by the Appellate Division in *State v. Baumann*, 340 *N.J.Super.* 553, 775 *A.2d* 3 (2001). The judgment of the Appellate Division therefore is affirmed in part and reversed in part, and we remand the matter to the trial court for re-sentencing and amendment of the judgment of conviction.

*For affirmance in part, reversal in part and remandment—* Chief Justice PORITZ and Justices STEIN, COLEMAN, LONG, LaVECCHIA, and ZAZZALI—6.

*Opposed*—None.