839 A.2d 99

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. KEVIN JARRELLS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 12, 2003—Decided January 7, 2004.

Before Judges PRESSLER, PARKER and COLEMAN.

*Sylvia Orenstein,* Assistant Public Defender, argued the cause for appellant (*Yvonne Smith Segars,* Public Defender, attorney; *Ms. Orenstein,* on the brief).

*Carol M. Henderson,* Assistant Attorney General, argued the cause for respondent (*Peter C. Harvey,* Attorney General, attorney; *Ms. Henderson,* on the brief).

The opinion of the court was delivered by

PARKER, J.A.D.

This appeal was transferred from our September 16, 2003, excess sentencing calendar, *R.* 2:9–11, for further briefing and argument on our plenary calendar so that we may consider the question of whether the pre-amendment No Early Release Act (NERA), *N.J.S.A.* 2C:43–7.2 (1997) [1], is applicable to a conviction

---

[1] NERA was amended by L.2001, c. 129, § 1, specifically to include vehicular homicide as one of several enumerated offenses mandating the imposition of

for vehicular homicide, *N.J.S.A.* 2C:11–5. Defendant argues that the sentencing provisions contained in the vehicular homicide statute apply to his conviction and the eighty-five percent parole ineligibility under NERA was illegally imposed.

On August 18, 2000, defendant was driving his car in Newark when he struck two children riding on bicycles, killing one and injuring the second. He left the scene of the accident, attempted to repair his car and initially gave a false statement to police. Defendant was driving with a suspended license at the time of the accident.

On December 7, 2001, defendant pled guilty to second degree vehicular homicide, *N.J.S.A.* 2C:11–5; fourth degree aggravated assault, *N.J.S.A.* 2C:12–1b(3); third degree hindering apprehension, *N.J.S.A.* 2C:29–3b(1); and fourth degree false swearing, *N.J.S.A.* 2C:28–2. He was sentenced on the second degree vehicular homicide charge to a term of five years subject to eighty-five percent parole ineligibility under NERA and to concurrent terms on the remaining counts. The appropriate fines, penalties and driver's license suspensions were also imposed.

The vehicular homicide statute includes a mandatory term of imprisonment for a defendant who was operating a vehicle while his driver's license was suspended or revoked:

> [T]he defendant shall be sentenced to a term of imprisonment by the court. The term of imprisonment shall include the imposition of a minimum term. The minimum term shall be fixed at or between one-third and one-half of the sentence imposed by the court or three years, whichever is greater, during which the defendant shall be ineligible for parole.
>
> [*N.J.S.A.* 2C:11–5b(1).]

Pre-amendment NERA subjects a person convicted of a "violent crime" to eighty-five percent parole ineligibility:

> For the purposes of this section, "violent crime" means any crime in which the actor causes death, causes serious bodily injury as defined in subsection b. of N.J.S. 2C:11–1, or uses or threatens the immediate use of a deadly weapon. "Violent

---

85% parole ineligibility. *N.J.S.A.* 2C:43–7.2d(3). The offense in question here occurred prior to the amendment.

crime" also includes any aggravated sexual assault or sexual assault in which the actor uses, or threatens the immediate use of, physical force. For the purposes of this section "deadly weapon" means any firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which in the manner it is used or is intended to be used, is known to be capable of producing death or serious bodily injury.

[<em>N.J.S.A.</em> 2C:43–7.2d (1997).]

Defendant contends that the two different sentencing provisions create "a statutory ambiguity which violates [his] due process right to know with reasonable exactitude what punishment follows certain criminal behavior." The State responds, arguing that *State v. Wade,* 169 *N.J.* 302, 777 *A.*2d 346 (2001) and *State v. Ferencsik,* 326 *N.J.Super.* 228, 741 *A.*2d 101 (App.Div.1999), require the imposition of a NERA parole ineligibility term for vehicular homicide. The State further argues that we are precluded from considering this issue because defendant failed to raise it below and has not moved to withdraw his plea. We are persuaded that in the interests of justice this matter should be considered on its merits. *R.* 2:10–2. Moreover, "a defendant may not acquiesce in the imposition of an illegal sentence." *State v. Manzie,* 335 *N.J.Super.* 267, 278, 762 *A.*2d 276 (2000), *aff'd on split decision,* 168 *N.J.* 113, 773 *A.*2d 659 (2001).

Prior to the 2001 NERA amendment, the defendant in *Ferencsik* pled guilty to second degree vehicular homicide by driving recklessly, *N.J.S.A.* 2C:11–5a. On appeal, he argued that pre-amendment NERA could not be imposed upon him "because recklessness is the culpability element of vehicular homicide and the definition of a violent crime in [NERA] must be limited to crimes involving knowing or purposeful conduct." *Ferencsik, supra,* 326 *N.J.Super.* at 230, 741 *A.*2d 101. We disagreed with that reasoning, perceiving "no ambiguity from language or context in [NERA's] definition of a 'violent crime' as 'any crime in which the actor causes death.' " *Id.* at 231, 741 *A.*2d 101. The Supreme Court subsequently approved our decision in *Ferencsik. Wade, supra,* 169 *N.J.* at 303, 777 *A.*2d 346.

The argument now made by defendant was not raised or considered in *Ferencsik.* Rather, defendant's argument follows

our reasoning in *Manzie* in which we held that NERA parole ineligibility cannot be applied to a murder conviction because *N.J.S.A.* 2C:11–3 carries its own parole ineligibility term. *Manzie, supra,* 335 *N.J.Super.* at 277–78, 762 *A.*2d 276. The inclusion of a "complete and integrated sentencing scheme" in the murder statute distinguishes it from other first and second degree crimes, and the application of NERA to a conviction for murder results in an ambiguity. *Id.* at 272, 762 *A.*2d 276. "In the face of ambiguity, we must look beyond the statute's language to determine legislative intent." *Id.* at 273, 762 *A.*2d 276. We discern the legislative intent from public hearings and statements by legislators. *Ibid.* At the 1996 public hearing before the Senate Law and Public Safety Committee (Hearing), Assemblywoman Diane Allen, a sponsor of the NERA bill, "explained that the bill's purpose is 'to insure that those violent offenders who commit crimes like *manslaughter, attempted murder, kidnapping, aggravated assault, arson for hire, aggravated sexual assault and vehicular manslaughter* are held accountable.' " *Ibid.* (citing No Early Release Act: Hearing on S. 855 Before The Senate Law & Public Safety Comm., 207th Legis., 1st Sess. p. 3–4 (N.J.1996)). Similarly, Senator John Bennett, who introduced the NERA bill, stated, "We need to insure that those violent offenders who commit crimes, including manslaughter, attempted murder, kidnapping, aggravated assault, arson for hire, aggravated sexual assault and vehicular manslaughter, are held accountable." *Id.* at 274, 762 *A.*2d 276.

The Death by Auto statute, *N.J.S.A.* 2C:11–5, was amended in 1995 to include the crime of "vehicular homicide." L.1995, c. 285. The 1995 amendment raised the degree of the crime from third to second and increased the mandatory sentence from a minimum of 270 days or 270 days of community service to a "minimum term ... fixed at, or between, one-third and one-half of the sentence imposed by the court or three years, whichever is greater, during which the defendant shall be eligible for parole." *N.J.S.A.* 2C:11–5b(1). The statute provided further in paragraph "d" that "if the evidence so warrants" a defendant may be indicted for and convicted of first degree aggravated manslaughter under *N.J.S.A.*

2C:11–4a.  In our view, the statements by Assemblywoman Allen and Senator Bennett that they intended the 1997 NERA parole ineligibility to apply to "vehicular manslaughter," refer to paragraph "d," which expressly permitted a charge of first degree aggravated manslaughter in addition to the second degree charge of vehicular homicide.  We find no other references in the legislative history that lead us to conclude the legislature intended to impose NERA's eighty-five percent parole ineligibility on a defendant convicted of second degree vehicular homicide.

We are satisfied that the ambiguity created by the different sentencing provisions in the NERA and vehicular homicide statutes does, indeed, violate defendant's due process right to know with reasonable certainty what punishment he will face for his crime.  We hold that NERA does not apply to a vehicular homicide that occurred prior to the 2001 NERA amendment and that the eighty-five percent parole ineligibility must be vacated.

We remand for re-sentencing in accordance with this opinion.