859 A.2d 451

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. KEVIN JARRELLS, DEFENDANT–RESPONDENT.

Argued September 14, 2004—Decided October 26, 2004.

*Carol M. Henderson,* Assistant Attorney General, argued the cause for appellant (*Peter C. Harvey,* Attorney General of New Jersey, attorney).

*Sylvia M. Orenstein,* Assistant Deputy Public Defender, argued the cause for respondent (*Yvonne Smith Segars,* Public Defender, attorney).

PER CURIAM.

On December 7, 2001, defendant pled guilty to second-degree vehicular homicide, *N.J.S.A.* 2C:11–5, and related charges. He was sentenced on that charge to a term of five years, subject to an eighty-five percent parole ineligibility term under the No Early Release Act (NERA), *N.J.S.A.* 2C:43–7.2.

On appeal to the Appellate Division, defendant argued that his conviction for vehicular homicide should not have been subject to NERA because his plea was entered prior to the 2001 amendment to the statute that expressly included "vehicular homicide" in its list of covered offenses. He contended that the different sentencing provisions of NERA and the vehicular homicide statute created an "ambiguity" that violated his due process rights. In a published opinion, the Appellate Division agreed with defendant, vacated his NERA sentence, and remanded the matter to the trial court for resentencing. 365 *N.J.Super.* 320, 325, 839 *A.2d* 99.

The Court granted the State's petition for certification. 179 *N.J.* 371, 845 *A.2d* 1253 (2004).

In *State v. Wade,* 169 *N.J.* 302, 777 *A.2d* 346 (2001), the Court held that a sentence for second-degree vehicular homicide was

subject to the version of NERA that predated the 2001 amendment. In so finding, the Court relied substantially on the reasons expressed by the Appellate Division in *State v. Ferencsik*, 326 *N.J.Super.* 228, 741 *A.2d* 101 (1999).

We disagree with the conclusion of the court below that *Wade* is distinguishable from the within matter because it did not consider the arguments advanced in *State v. Manzie*, 335 *N.J.Super.* 267, 762 *A.2d* 276 (App.Div.2000), *aff'd by equally divided Court*, 168 *N.J.* 113, 773 *A.2d* 659 (2001). The Court, however, decided *Wade* after *Manzie*, and we continue in the view that NERA applies to second-degree vehicular homicide. Therefore, the judgment of the Appellate Division is reversed and the sentence of defendant by the Superior Court, Law Division, is reinstated, substantially for the reasons expressed in *State v. Wade, supra*, and *State v. Ferencsik, supra*.

*For reversal*—Chief Justice PORITZ, Justices LONG, LaVECCHIA, ZAZZALI, WALLACE and RIVERA–SOTO—6.

*Opposed*—None.