775 A.2d 3 (2001)
STATE of New Jersey, Plaintiff-Respondent,
v.
Eric J. BAUMANN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted April 3, 2001.
Decided April 12, 2001.
*4 Schachter, Trombadore, Offen, Stanton & Pavics, attorneys for appellant (Thomas A. Pavics, on the brief).
John J. Farmer, Jr., Attorney General, attorney for respondent (Anthony A. Picione, Deputy Attorney General, on the brief).
Before Judges PRESSLER and ALLEY.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Defendant Eric J. Baumann appeals from a judgment of the Law Division entered on a trial de novo affirming his conviction by the municipal court of a charge of driving while intoxicated (DWI), N.J.S.A. 39:4-50. The Law Division's order was based on its rejection of defendant's contention that the DWI charge merged into his conviction of third-degree aggravated assault, N.J.S.A. 2C:12-1b(7). While we are satisfied that the DWI conviction merged into the assault conviction, we are also satisfied that the merger nevertheless carried with it the statutory penalties for drunk driving.
The charges against defendant arose out of his involvement in an automobile accident on the night of June 28, 1998. Defendant, who was then driving with a blood alcohol level of .149 percent, crossed the center line on Route 31 in Raritan Township. He struck a car driving in the opposite direction in a head-on collision. The driver of the other car was severely injured. Defendant thought he might have fallen asleep at the wheel.
In addition to the DWI charge pursuant to N.J.S.A. 39:4-50, defendant was charged by accusation with third-degree aggravated assault pursuant to N.J.S.A. 2C:12-1b(7), which defines that crime as causing or attempting to cause significant bodily injury "purposely or knowingly or, under circumstances manifesting extreme indifference to the value of human life recklessly causes such significant bodily injury...." Pursuant to a plea agreement defendant pleaded guilty to that charge as well as to the DWI charge. The Law Division judge accepted the guilty plea to both offenses and, on the third-degree aggravated assault charge, sentenced defendant to a three-year probationary term subject to a ninety-day jail term to be served on weekends. The court then referred *5 the DWI charge to the municipal court for sentencing.
The factual basis given by defendant in support of the guilty plea to the indictable offense was, in relevant part, as follows:
I had gotten up very early that day to go play golf. Came home, attending a graduation party in the afternoon where I did consume some beer. Left the graduation party somewhere between around 10 o'clock, 10:30 in the evening, drove home, got a mile from home and Your Honor, I must have fallen asleep.
At the ensuing municipal court sentencing hearing on the DWI charge, defendant argued that that charge should be merged into the assault charge. The municipal court disagreed and imposed the minimum mandatory statutory penalties, including a six-month license suspension. Defendant appealed to the Law Division, which concurred in the municipal court's rejection of the merger argument.
On this appeal, the State concedes that merger of the assault charge and the DWI charge would be required if the State's sole evidence of recklessness as an element of the assault charge was defendant's intoxication. See, e.g., State v. Mara, 253 N.J.Super. 204, 213-214, 601 A.2d 718 (App.Div.1992). See also, similarly so holding in respect of death by auto and DWI, State v. DeLuca, 108 N.J. 98, 527 A.2d 1355, cert. denied, 484 U.S. 944, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987); State v. Devlin, 234 N.J.Super. 545, 553, 561 A.2d 280 (App.Div.), certif. denied, 117 N.J. 653, 569 A.2d 1348 (1989). The issue before us then is one of fact, namely, whether the State proffered any other evidence of recklessness other than defendant's intoxication.
The State argues that recklessness for purposes of the assault conviction was not based only on defendant's intoxication but rather on "all of defendant's conduct." That conduct, in its totality, is described as including his decision to drive after a lack of sleep, his decision to embark on a trip of at least one hour from the party to his home in that condition, allowing himself to fall asleep while driving, driving over the center line, and failing to take steps to avoid the accident. We point out, however, that the asserted lack of sleep is pure speculation based, apparently, on defendant's statement that he had gotten up early to play golf. Moreover, we are quite convinced that merely leaving home early in the morning and driving home late at night on a one-hour trip is not evidence of recklessness. What constituted recklessness in this case was defendant getting into his car and attempting to drive home while he was drunk, and the occurrence of this unfortunate accident cannot be fairly or realistically attributable to anything other than his intoxication. The details of the accident itself do not independently demonstrate recklessness since all of these details were a function and manifestation of intoxication.
Since we conclude that the State's only evidence of recklessness was intoxication, we are satisfied that the DWI must merge into the assault conviction. But that conclusion does not dispose of the DWI penalties mandated by N.J.S.A. 39:4-50, including a six-month license suspension. Those penalties, in our view, must survive the merger, particularly since they represent not only punishment for the offender but also protection for the driving public. Nor do we have any doubt that the criminal jurisprudence of this State permits the survival of mandatory penalties attendant upon a lesser charge when merged with a more serious offense that does not carry those penalties. The Supreme Court has so held when a thirddegree controlled dangerous substance school-zone offense under N.J.S.A. 2C:35-7, *6 requiring a mandatory parole ineligibility period, is merged into a first- or seconddegree drug offense that does not impose a mandatory parole ineligibility term. And this court has so held in respect of merger of a lesser-degree offense under N.J.S.A. 2C:35-7.1 (drug offense committed within 500 feet of designated public facilities) into a higher-degree drug offense. See State v. Gregory, 336 N.J.Super. 601, 765 A.2d 1077 (App.Div.2001); State v. Parker, 335 N.J.Super. 415, 762 A.2d 690 (App.Div.2000). We are satisfied that the ratio decidendi underlying those cases is fully applicable here.
The judgment appealed from affirming the municipal court conviction is reversed, and we remand to the trial court for amendment of the judgment consistent with our holding that while the DWI conviction merges into the third-degree assault conviction, the mandatory penalties of N.J.S.A. 39:4-50 survive the merger.