NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0832-13T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LOUISE FRANK,

    Defendant-Appellant.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| March 29, 2016 |
| APPELLATE DIVISION |

Argued March 3, 2015 — Decided March 29, 2016

Before Judges Messano, Ostrer and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 10-04-00627.

Philip Nettl argued the cause for appellant (Benedict and Altman, attorneys; Mr. Nettl, on the brief).

Joie Piderit, Assistant Prosecutor, argued the cause for respondent (Andrew C. Carey, Middlesex County Prosecutor, attorney; Ms. Piderit, of counsel and on the brief).

The opinion of the court was delivered by

SUMNERS, JR., J.A.D.

A jury found defendant Louise Frank guilty of fourth-degree leaving the scene of a motor vehicle accident involving serious

bodily injury, <u>N.J.S.A.</u> 2C:12-1.1.[1] The judge, thereafter, found defendant guilty of leaving the scene of a motor vehicle accident resulting in injury, <u>N.J.S.A.</u> 39:4-129(a). At sentencing, the trial court ordered that the motor vehicle violation merged into the crime, but that the penalties survived merger.[2] Defendant was sentenced to a four-year term of probation on the <u>N.J.S.A.</u> 2C:12-1.1 offense, but the court determined that a custodial sentence of 180 days was mandated by <u>N.J.S.A.</u> 39:4-129(a).

Defendant appealed, arguing:

POINT I

THE CUSTODIAL PORTION OF DEFENDANT'S SENTENCE SHOULD BE VACATED, BECAUSE THE TRIAL COURT MISINTERPRETED <u>N.J.S.A.</u> 39:4-129(a) BY FINDING THAT INCARCERATION WAS MANDATORY.

POINT II

DEFENDANT'S CONVICTION FOR <u>N.J.S.A.</u> 39:4-129(a) SHOULD MERGE INTO HER CONVICTION FOR <u>N.J.S.A.</u> 2C:12-1.1.

---

[1] The indictment incorrectly stated <u>N.J.S.A.</u> 2C:12-1.1 is a fourth-degree crime, although the Legislature upgraded it to a third-degree crime effective May 4, 2007. <u>L.</u> 2007, <u>c.</u> 83, § 2. The State never sought to amend the indictment, and the matter was tried and sentenced as a fourth-degree offense. Thus, this decision will reflect that defendant was found guilty of a fourth-degree crime.

[2] However, the court did not record on the motor vehicle summons that the motor vehicle violation merged with the criminal offense.

We have reviewed the contentions advanced on appeal, and in light of the record and applicable law, we reverse and remand for resentencing. The trial court correctly determined that the motor vehicle violation, N.J.S.A. 39:4-129(a), merged into the offense under the New Jersey Code of Criminal Justice (Code), N.J.S.A. 2C:12-1.1. While mandatory penalties imposed by the motor vehicle provision survive merger, the trial court erred in concluding that N.J.S.A. 39:4-129(a) mandates a custodial sentence.

## I.

Considering that the primary challenge before us involves interpreting a motor vehicle statute's sentencing requirements, a lengthy discussion of the record is unnecessary. Suffice it to say that on March 30, 2009, defendant was driving her vehicle in her neighborhood when she got into an altercation with two women who were walking their dogs. Defendant was accused of driving her vehicle into one of the women, injuring her, and leaving without waiting for the police. Consequently, defendant was charged that same day with the following motor vehicle offenses: reckless driving, N.J.S.A. 39:4-96; failure to report an accident, N.J.S.A. 39:4-130; and leaving the scene of an accident, N.J.S.A. 39:4-129(a).

Defendant was later indicted for second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count one); fourth-degree assault

3

by auto, N.J.S.A. 2C:12-1(c)(1) (count two); and fourth-degree leaving the scene of an accident involving serious bodily injury, N.J.S.A. 2C:12-1.1 (count three).[3]   At trial, a jury found defendant guilty of count three, but was unable to reach a verdict on counts one and two.   After retrial resulted in another hung jury and mistrial, defendant's motion to bar a third trial was granted and the unresolved counts were dismissed with prejudice.

On September 24, 2013, the trial court, relying upon the earlier testimony provided at the jury trial and supplemented with oral argument by counsel, issued a decision on the motor vehicle summonses.   Defendant was acquitted of reckless driving, but was found guilty of leaving the scene of an accident and failure to report an accident.

The court then sentenced defendant on all offenses arising from the incident, stating that the criminal offense and motor vehicle violation were merged with the penalties surviving merger. After considering the aggravating and mitigating factors, the court placed defendant on probation for four years, with certain conditions, for the N.J.S.A. 2C:12-1.1 offense.   However, the court found that there was a mandatory prison term of 180 days for the N.J.S.A. 39:4-129(a) violation because a victim suffered a bodily injury, and sentenced defendant accordingly.   Despite

---

[3] An initial indictment was dismissed without prejudice.

4

maintaining that the statute was ambiguous regarding the imposition of a prison term, the court determined that the statute's reference to 180 days prison term was a "shall provision" if there was a "finding of a bodily injury." The court also suspended defendant's driving privileges for a year. However, when recording the sentence and penalties on the motor vehicle summons, the court did not note that the violation merged with the criminal offense. The judgment of conviction (JOC) also failed to indicate the merger.

Defendant's request to stay the custodial portion of the sentence was granted so that defendant may perfect appeal and make an application for bail.[4] This appeal followed.

## II.

Before us, defendant contends that the trial court erred by finding that incarceration is required when a defendant is convicted under N.J.S.A. 39:4-129(a) for leaving the scene of a motor vehicle incident involving bodily injury to another. We agree.

The statute provides:

> The driver of any vehicle, knowingly involved in an accident resulting in injury or death to any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible . . . . Any person

---

[4] The trial court subsequently granted defendant's application for bail pending appeal.

who shall violate this subsection shall be fined not less than $2,500 nor more than $5,000, or be imprisoned for a period of 180 days, or both. The term of imprisonment required by this subsection shall be imposed only if the accident resulted in death or injury to a person other than the driver convicted of violating this section.

In addition, any person convicted under this subsection shall forfeit his right to operate a motor vehicle over the highways of this State for a period of one year from the date of his conviction for the first offense and for a subsequent offense shall thereafter permanently forfeit his right to operate a motor vehicle over the highways of this State.

[Ibid.]

Specifically, defendant maintains that the statute's plain language grants the court discretion to impose a custodial sentence only in cases where there is an injury of another person. Defendant also argues that there is nothing in the statute's legislative history indicating the Legislature's intention to impose a mandatory term of incarceration.

The last sentence of the subsection's first paragraph was added by a 1994 amendment which increased penalties. Defendant cites the Sponsor's Statement, stating: "The bill provides that the term of imprisonment shall be imposed only if a person other than the driver was killed or injured." L. 1994, c. 183. Defendant maintains that the Statement "never says that term of imprisonment was becoming mandatory in any situation." Further, defendant

6

contends that if there is some ambiguity over whether the statute requires a mandatory jail term if someone else is injured, under the rule of lenity, the statute is construed strictly and interpreted in favor of a criminal defendant, and would not result in an interpretation calling for imprisonment. State v. Livingston, 172 N.J. 209, 218 (2002).

The State, also relying upon the plain language of N.J.S.A. 39:4-129(a), argues that the court properly interpreted the statute, and mandatorily sentenced defendant to 180 days in prison because her accident injured someone. The State relies upon the same Sponsor's Statement cited by defendant to support its position that imprisonment is only mandatory where the accident resulted in death or injury to a person other than the driver.

Our scope of review of the findings made by a judge after a bench trial is limited. State v. Locurto, 157 N.J. 463, 470-71 (1999) (citing State v. Johnson, 42 N.J. 146, 161-62 (1964)). However, where issues on appeal turn on interpretation of the law, there is no deference to the determinations of the trial court, and our review is de novo. State v. Gandhi 201 N.J. 161, 176 (2010); see also Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (We owe no deference to the trial court's "interpretation of the law and the legal consequences that flow from established facts.").

7

The principles governing statutory interpretation are well-established. Our goal is to determine and effectuate the Legislature's intent. State v. Olivero, 221 N.J. 632, 639 (2015). We begin with examining the plain language of the statute. State v. Munafo, 222 N.J. 480, 488 (2015) (citing State v. Frye, 217 N.J. 566, 575 (2014)); Gandhi, supra, 201 N.J. at 161. "It is a basic rule of statutory construction to ascribe to plain language its ordinary meaning." Bridgewater-Raritan Educ. Ass'n v. Bd. of Educ., 221 N.J. 349, 361 (2015) (citing D'Annunzio v. Prudential Ins. Co. of Am., 192 N.J. 110, 119-20 (2007)); see also Wilson ex rel. Manzano v. City of Jersey City, 209 N.J. 558, 572 (2012) (stating that a provision "should not be read in isolation, but in relation to other constituent parts so that a sensible meaning may be given to the whole of the legislative scheme"). If the language is clear, our task is complete; if it is not, we may turn to extrinsic evidence. In re Kollman, 210 N.J. 557, 568 (2012) (citations omitted). The legislative history is examined where the statute's plain language is unclear or can be given "more than one possible meaning[.]" Marino v. Marino, 200 N.J. 315, 329 (2009).

A penal statute must be strictly construed. Olivero, supra, 221 N.J. at 639. The doctrine of lenity, which gives words their ordinary meaning and affords any reasonable doubt in favor of the

8

defendant, is "applied only if a statute is ambiguous, and that ambiguity is not resolved by a review of 'all sources of legislative intent.'" Id. at 640. Furthermore, the rule of lenity is not invoked simply because competing interpretations are proffered about a statute's meaning. State v. Regis, 208 N.J. 439, 451 (2011).

In pertinent part, N.J.S.A. 39:4-129(a) provides, "Any person who shall violate this subsection shall be fined not less than $2,500 nor more than $5,000, or be imprisoned for a period of 180 days, or both." (Emphasis added). The possible penalties are each separated by a comma and the word "or." Thus, the key to interpreting whether imprisonment is mandatory under the statute involves the Legislature's use of punctuation and inclusion of the word "or" in the statute.

We recently addressed the rules of construction on punctuation and the word "or," in In re Estate of Fisher, 443 N.J. Super. 180, 190-96 (App. Div. 2015). We concluded that "'[p]unctuation is part of an act and may be considered in its interpretation.'" Id. at 192 (quoting Commerce Bancorp, Inc. v. InterArch, Inc., 417 N.J. Super. 329, 336 (App. Div. 2010), cert. denied, 205 N.J. 519 (2011)). "'The word "or" in a statute is to be considered a disjunctive particle indicating an alternative.'" Ibid. (quoting State v. Kress, 105 N.J. Super. 514, 520 (Law Div.

9

1969)). Hence, where "'items in a list are joined by a comma . . . , with an "or" preceding the last item, the items are disjunctive,' [meaning] distinct and separate from each other." Ibid. (quoting State v. Smith, 262 N.J. Super. 487, 506 (App. Div. 1993)).

Applying these rules of statutory construction and the statute's plain language, we conclude that a person who leaves the scene of a motor vehicle accident resulting in injury in violation of N.J.S.A. 39:4-129(a) can be penalized in three distinct and separate ways. First, there can be a fine "of not less than $2,500 nor more than $5,000[.]" Second, there can be imprisonment "for a period of 180 days[.]" Third, there can be "both" a fine and prison term. However, there is no mandatory requirement that a person serve a 180 day prison term for the offense. The statutory language that a prison term "shall be imposed only if the accident resulted in death or injury to a person other than the driver convicted" does not alter our interpretation. (Emphasis added). "Only if" denotes a necessary condition for imposing a prison term, but not a sufficient one.[5] The clause merely qualifies the circumstances upon which a prison term may be imposed.

---

[5] By contrast, "if and only if" denotes both a necessary and sufficient condition.

10

In concluding that the plain meaning of the statute's punitive measures are clear, we need not consider the parties' arguments concerning the statute's legislative history and doctrine of lenity. See Regis, supra, 208 N.J. at 451-52 (declining to apply rule of lenity to interpretation of N.J.S.A. 39:4-88(b) because the plain language was clear).

### III.

We next turn to the merger of N.J.S.A. 39:4-129(a) into N.J.S.A. 2C:12-1.1. There is no dispute that, at sentencing, the judge stated the violation would merge into the offense, (although he failed to note the merger on the motor vehicle complaint-summons and JOC).

Merger is a concept which implicates "a defendant's substantive constitutional rights," and invokes "the principle that 'an accused [who] has committed only one offense . . . cannot be punished as if for two." State v. Miller, 108 N.J. 112, 116 (1987) (citations omitted). It seeks to avoid multiple punishment for the same conduct. Ibid. Merger can be statutorily prescribed for criminal code offenses. N.J.S.A. 2C:1-8(a)(1) provides, in part, that "[w]hen the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense" but not "convicted of more than one offense" unless "[o]ne offense is included in the other."

11

However, here, defendant was convicted of a criminal offense and a motor vehicle violation. Title 39 violations "fall within the generic category of petty offenses that do not fit within the Code's definition of a lesser-included criminal offense." State v. Stanton, 176 N.J. 75, 98 (2003), cert. denied, 540 U.S. 903, 124 S. Ct. 259, 157 L. Ed. 2d 187 (2003). Thus, N.J.S.A. 2C:1-8 does not apply to motor vehicle violations, only criminal offenses. Id. at 99.

Nevertheless, a motor vehicle violation is "consolidated for trial with indicted offenses, not because they are lesser-included criminal offenses of the crimes charged in an indictment, but because our jurisprudence and Rule 3:15-3(a)(1)[6] require consolidation of even Title 39 offenses to avoid double jeopardy problems." Id. at 100-01 (citations omitted). Thus, we conclude that where there is consolidation, it is appropriate to merge the conviction of an offense and motor vehicle violation where their elements and the evidence presented to establish these elements correspond. See e.g. State v. Mara, 253 N.J. Super. 204, 214

---

[6] Rule 3:15-3(a)(1) provides, in pertinent part, "the court shall join any pending non-indictable complaint for trial with a criminal offense based on the same conduct or arising from the same episode."

(App. Div. 1992) (no merger of the criminal offense of aggravated assault and driving while intoxicated (DWI) violation because intoxication was not an element of the assault).

Here, merger was appropriate because by definition the criminal offense incorporates the motor vehicle violation. A motor vehicle operator is guilty of N.J.S.A. 2C:12-1.1 when he "knows he is involved in an accident and knowingly leaves the scene of that accident under circumstances that violate the provisions of [N.J.S.A.] 39:4-129 . . . if the accident results in serious bodily injury to another person.

Turning to the impact of the penalties for the merged offense and violation, the State contends that State v. Baumann, 340 N.J. Super. 553 (App. Div. 2001), requires the penalties survive merger. Defendant does not argue otherwise.

In Baumann, we concluded that the defendant's conviction for DWI, N.J.S.A. 39:4-50, merged into his conviction for third-degree aggravated assault, N.J.S.A. 2C:12-1b(7), and that the DWI penalties, including a six-month license suspension, survived merger. Baumann, supra, 340 N.J. Super. at 554-57. We reasoned that "criminal jurisprudence of this State permits the survival of mandatory penalties attendant upon a lesser charge when merged with a more serious offense that does not carry those penalties." Id. at 557. We also recognized that the DWI penalties "represent

13

not only punishment for the offender but also protection for the driving public." Ibid. In reaching this decision we noted:

> The Supreme Court has so held when a third-degree controlled dangerous substance school-zone offense under N.J.S.A. 2C:35-7, requiring a mandatory parole ineligibility period, is merged into a first- or second-degree drug offense that does not impose a mandatory parole ineligibility term. And this court has so held in respect of merger of a lesser-degree offense under N.J.S.A. 2C:35-7.1 (drug offense committed within 500 feet of designated public facilities) into a higher-degree drug offense.
>
> [Ibid.]

Mandatory penalties attached to a merged violation survive merger, even if the elements of the merged violation are completely encompassed in the surviving violation. See State v. Reiner, 180 N.J. 307, 319-30 (2004) (holding that DWI violation under N.J.S.A. 39:4-50(a) merges into DWI-school zone violation under N.J.S.A. 39:4-50(g), but enhanced penalties for the former, in case of a second offender, survive merger).

Thus, notwithstanding merger, the court was required to impose the sentences mandated by N.J.S.A. 39:4-129(a), to the extent they exceed those required by N.J.S.A. 2C:12-1.1. Here, the criminal offense and motor vehicle violation penalties differ in two respects. First, as we discussed above, the court must impose, as a minimum, a fine of at least $2500 (but no more than $5000) or a jail term of 180 days for the motor vehicle violation.

14

N.J.S.A. 39:4-129(a). By contrast, for the fourth-degree Code offense, the court may, but is not required to, impose a fine of up to $10,000, see N.J.S.A. 2C:43-2(b)(3). The court may, but is not required to impose a custodial term. N.J.S.A. 2C:43-2(b)(6).

Second, N.J.S.A. 39:4-129(a) mandates a one-year license suspension for a first-time offender and a permanent loss of license for a subsequent offense. By contrast, for the Code offense, a court may, but is not mandated to, impose a license suspension of up to two years if a motor vehicle is used in the course of the offense. N.J.S.A. 2C:43-2(c). We conclude that the Legislature intended that these penalties, mandated by N.J.S.A. 39:4-129(a), would survive merger.

The court correctly imposed the one-year license suspension. However, the court must comply with the mandate to impose either a fine of at least $2500 (but no more than $5000), or a sentence of 180 days.

In sum, we reverse the trial court's imposition of a 180-day imprisonment term for defendant's violation of N.J.S.A. 39:4-129(a), because the court imposed the term based on the misimpression that it had no alternative to imposing that term. We remand for resentencing. Upon merger of the motor vehicle violation into the Code offense, the court shall impose a sentence that includes the mandatory aspects of the sentence for the

15

violation.  The court shall properly document the merger on the summons and the judgment of conviction.

Reversed and remanded.  We not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16