**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5579-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BENIGNO RIVERA,

    Defendant-Appellant.

_____

Submitted September 19, 2017 — Decided October 18, 2017

Before Judges Reisner and Hoffman.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Indictment No.
15-09-1143.

Joseph E. Krakora, Public Defender, attorney
for appellant (Daniel V. Gautieri, Assistant
Deputy Public Defender, of counsel and on the
brief).

Andrew C. Carey, Middlesex County Prosecutor,
attorney for respondent (Nancy A. Hulett,
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

Defendant Benigno Rivera appeals from his conviction for

fourth-degree operating a motor vehicle during a period of license

suspension resulting from a second or subsequent offense of driving while intoxicated (DWI), N.J.S.A. 2C:40-26(b). Defendant was convicted after a jury trial and was sentenced to 300 days in prison, with a mandatory six-month period of parole ineligibility. Defendant was also convicted by the court of driving with a suspended license, N.J.S.A. 39:3-40. He received a concurrent ten-day term for that conviction and a $1000 fine.

Before us, defendant presents the following arguments:

POINT I

THE COURT ERRED IN FAILING TO PROVIDE A CURATIVE INSTRUCTION WHEN SERGEANT HOPPE TESTIFIED THAT HE HAD HAD "TWO PREVIOUS DEALINGS" WITH DEFENDANT, SUGGESTING TO THE JURORS THAT THE DEFENDANT HAD A PRIOR CRIMINAL RECORD. (Not Raised Below)

POINT II

THE COURT ERRED IN FAILING TO PROVIDE A LIMITING INSTRUCTION AFTER THE STATE INTRODUCED EVIDENCE THAT DEFENDANT, AT A PRIOR COURT HEARING, WAS PLACED ON NOTICE OF THE SENTENCE HE WAS FACING IF HE DROVE AGAIN WHILE ON THE REVOKED LIST, BECAUSE THE SENTENCE WAS IRRELEVANT TO THE JURY'S FUNCTION AND DEFENDANT'S FAILURE TO COMPLY WITH THE JUDGE'S WARNING SUGGESTED THAT HE HAD CONTEMPT FOR THE LAW. (Not Raised Below)

POINT III

THE COURT ERRED IN FAILING TO MERGE THE MOTOR-VEHICLE OFFENSE OF DRIVING WHILE SUSPENDED INTO THE INDICTABLE CONVICTION FOR DRIVING

2

WHILE SUSPENDED FOR A SECOND OR SUBSEQUENT VIOLATION OF N.J.S.A. 39:4-50.

After reviewing the record in light of the contentions advanced on appeal, we affirm defendant's N.J.S.A. 2C:40-26(b) conviction and sentence, but remand for merger of defendant's N.J.S.A. 39:3-40 conviction.

I.

We briefly summarize the relevant facts. On December 15, 2014, Sgt. Michael Hoppe of the South Plainfield Police Department, while on patrol in a marked vehicle, witnessed defendant driving a 2003 Saturn. Sgt. Hoppe recognized defendant because of "two previous dealings" and because defendant lived across the street from the police station. From the previous dealings, Sgt. Hoppe knew defendant did not have a valid driver's license. Sgt. Hoppe contacted headquarters and verified defendant's license was suspended.

Sgt. Hoppe began to follow defendant, who voluntarily pulled over on a side street. Defendant then got out of his vehicle and approached Sgt. Hoppe's patrol car. At that point, Sgt. Hoppe inquired, "Can you get me . . . registration and insurance? You can't drive." Defendant responded, "No, I can't." Sgt. Hoppe informed defendant he would receive a ticket in the mail for driving while suspended and told him, "Don't drive anymore. Park

it over here." When Sgt. Hoppe later discovered defendant's license was suspended for a second or subsequent DWI conviction, he charged defendant with N.J.S.A. 2C:40-26(b).

In addition to the testimony of Sgt. Hoppe, the State presented testimony from a supervisor with the New Jersey Motor Vehicle Commission. The supervisor explained that defendant's driving abstract indicated four previous license suspensions for DWI. The most recent suspension was for ten years, starting on January 9, 2008. During defendant's sentencing for this last DWI, the judge suspended defendant's license and then informed him of the enhanced penalties for driving during a period of suspension resulting from DWI convictions. In addition, defendant signed a document acknowledging he received both written and oral notice of the consequences of driving while on the revoked list if suspended for DWI convictions. At the conclusion of the State's case, defendant rested without presenting any evidence or witnesses.

## II.

Defendant raised the arguments in Points I and II for the first time on appeal; therefore, we review them under the plain error standard. R. 2:10-2. "Plain error is 'error possessing a clear capacity to bring about an unjust result and which substantially prejudiced the defendant's fundamental right to have

the jury fairly evaluate the merits of his [or her] defense.'" State v. Timmendequas, 161 N.J. 515, 576-77 (1999) (quoting State v. Irving, 114 N.J. 427, 444 (1989)), cert. denied, 534 U.S. 858, 122 S. Ct. 136, 151 L. Ed. 2d 89 (2001).  A reversal based on plain error requires us to find the error likely led to an unjust result that is "sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached."  State v. Williams, 168 N.J. 323, 336 (2001) (quoting State v. Macon, 57 N.J. 325, 336 (1971)).

We must consider any such error "in light of 'the totality of the entire charge, not in isolation.'"  State v. Burns, 192 N.J. 312, 341 (2007) (quoting State v. Chapland, 187 N.J. 275, 289 (2006)).  Moreover, "any alleged error also must be evaluated in light 'of the overall strength of the State's case.'"  Ibid. (quoting Chapland, supra, 187 N.J. at 289).

In Point I, defendant contends the trial judge erred by failing to provide a limiting instruction when Sgt. Hoppe testified he had "two previous dealings" with defendant.  Defendant argues a limiting instruction was necessary because the testimony suggests defendant had a prior criminal record.

In Point II, defendant contends the trial judge erred by failing to provide a limiting instruction when the State introduced evidence that defendant, at a prior hearing, received notice of

the penalties for driving while on the revoked list. Defendant argues a limiting instruction was necessary because the evidence suggested defendant's failure to comply with the judge's warning not to drive implied he had contempt for the law.

While limiting instructions may have been appropriate in both instances, we conclude their absence did not affect the outcome of the case in light of the overwhelming evidence of defendant's guilt. In terms of Sgt. Hoppe's testimony, when he testified he had "two previous dealings" with defendant, he immediately followed that statement with testimony indicating he knew defendant from "just seeing him around town" and defendant lives across the street from headquarters. Sgt. Hoppe did not state defendant participated in any criminal activity.

In terms of the evidence from defendant's prior sentencing hearing, defense counsel prompted the State to present this evidence by pressing the issue of whether defendant knew he was not permitted to drive. Defense counsel attempted to imply defendant never saw his driver's abstract and therefore was unaware of the suspension. The State reasonably responded by offering an acknowledgement signed by defendant stating he was aware of the consequences of driving with a suspended license.

In addition, defendant failed to object to either Sgt. Hoppe's testimony or the prior sentencing evidence when given. As part

6

of the jury charge, the trial judge did instruct the jury to "consider the evidence for only those purposes for which it's been admitted," and not to use defendant's prior driving while intoxicated violations to "decide the defendant has a tendency to commit crimes or that he is a bad person." Defendant did not object to the jury charges or ask for additional limiting instructions.

Furthermore, the evidence against defendant was overwhelming. Defendant admitted he did not have a valid driver's license after Sgt. Hoppe witnessed him driving. Defendant's driving abstract listed four prior DWI convictions and indicated defendant's license was suspended at the time Hoppe witnessed him driving. Defendant offered no evidence to the contrary. Defendant was clearly guilty of operating a motor vehicle during a period of license suspension following his second or subsequent violation of DWI. Instructing the jury not to infer prior criminal activity from Sgt. Hoppe's testimony, or contempt for the law from defendant's failure to heed the judge's warning not to drive, would not have changed the verdict.

Finally, we address defendant's challenge to his sentence due to lack of merger. We agree with defendant's argument in Point III, as does the State, that the judge should have merged

defendant's motor vehicle violation with his indictable conviction.

N.J.S.A. 2C:1-8(a)(1) provides for merger of more than one offense; however, "N.J.S.A. 2C:1-8 does not apply to motor vehicle violations, only criminal offenses." State v. Frank, 445 N.J. Super. 98, 108 (App. Div. 2016). Nevertheless, "it is appropriate to merge the conviction of an offense and motor vehicle violation where their elements and the evidence presented to establish these elements correspond." Ibid.

Here, defendant was convicted of both driving while suspended under N.J.S.A. 39:3-40, a motor vehicle violation, and driving while suspended for a second or subsequent DWI under N.J.S.A. 2C:40-26(b), an indictable offense. The elements of the motor vehicle violation correspond to the elements of the indictable offense, making merger appropriate.

We therefore affirm the conviction under N.J.S.A. 2C:40-26(b), but remand for resentencing in light of the need for merger of the motor vehicle violation.

Affirmed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5579-15T2