**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2197-16T3

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

DARYL MORRIS,

    Defendant-Respondent.

_____

Argued September 17, 2018 – Decided October 2, 2018

Before Judges Haas and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 15-09-1058.

David M. Liston, Assistant Prosecutor, argued the cause for appellant (Andrew C. Carey, Middlesex County Prosecutor, attorney; David M. Liston, of counsel and on the brief).

Patrick C. O'Hara, Jr., argued the cause for respondent (Del Vacchio O'Hara, PC, attorneys; Patrick C. O'Hara, Jr., on the brief).

PER CURIAM

The State appeals the trial judge's orders dismissing the two-count indictment charging defendant Daryl Morris with third-degree bail-jumping, N.J.S.A. 2C:29-7, and denying reconsideration of the dismissal. Because we conclude that the judge misinterpreted the law, we reverse.

The facts are straight forward and undisputed. Defendant was free on bail when he appeared in the court's afternoon session on May 13, 2015, regarding charges of third- and fourth-degree controlled dangerous offenses (CDS) and violation of probation (VOP) related to a previous CDS conviction. The judge ordered defendant to be drug tested by his probation officer that afternoon and return to court right after testing so the parties could try to resolve the VOP charge.

Approximately two hours later, following his drug test, defendant was not in court when the probation officer reported that defendant tested "positive for THC and PCP," and "shortly after finding out the results . . . , left the area and has not been seen since." Because there was no explanation for defendant's failure to return to court, the judge issued a bench warrant for his arrest with no bail. In fact, his attorney represented to the judge that, while defendant was being tested, she was on her feet (in court) and also in a holding cell talking to another client, and did not tell defendant to leave the courthouse.

2

Defendant was subsequently indicted for two counts of bail jumping, due to his failure to appear in court following his positive drug test. N.J.S.A. 2C:29-7, in pertinent part, states that bail-jumping occurs when:

> A person set at liberty by court order, with or without bail, or who has been issued a summons, upon condition that he will subsequently appear at a specified time and place in connection with any offense or any violation of law punishable by a period of incarceration, commits an offense if, without lawful excuse, he fails to appear at that time and place. It is an affirmative defense for the defendant to prove, by a preponderance of evidence, that he did not knowingly fail to appear. The offense constitutes a crime of the third degree where the required appearance was to answer to a charge of a crime of the third degree or greater, or for disposition of any such charge and the actor took flight or went into hiding to avoid apprehension, trial or punishment.

On the morning of the trial, in the midst of the parties' evidentiary argument, another judge – who had not been involved in any pretrial proceedings in the matter – sua sponte questioned whether defendant's actions constituted bail jumping. After hearing the respective arguments by counsel, the judge dismissed the indictment, merely stating, "I find as matter of law that when a defendant appears in court and then fails to remain and leaves . . . that does not constitute bail jumping."

The judge denied the State's reconsideration motion; finding the State failed to demonstrate the dismissal of the indictment was "palpably incorrect or

3

irrational or . . . failed to consider any relevant or pertinent authority." Although there was no dispute that defendant did not return to court following his positive drug test because "he was trying to avoid justice," the judge found:

> It's clear that the plain language of the statute makes it a crime where the defendant fails to appear at a specific time and place. However, nothing in the statute or . . . case law indicates that failing to appear is synonymous with failing to remain, return, or reappear once the defendant has met his duty to appear at a specific time and place. Indeed, the jury instruction doesn't even contemplate the . . . amplification of the language that the State argues.

The judge further determined that even assuming the statute is ambiguous as applied to defendant's conduct, under the doctrine of lenity any ambiguity in its interpretation is resolved in favor of defendant such that it should not be applied. This appeal followed.

The State's sole contention on appeal is that the judge's dismissal of the indictment is based upon an unreasonable interpretation of the statute. In determining the interpretation of a statute, our review is de novo. State v. Frank, 445 N.J. Super. 98, 105 (App. Div. 2016). We owe no deference to the trial court's "interpretation of the law and the legal consequences that flow from established facts." Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

4

It is well settled that a primary purpose of "statutory interpretation is to determine and 'effectuate the Legislature's intent.'" State v. Rivastineo, 447 N.J. Super. 526, 529 (App. Div. 2016) (quoting State v. Shelley, 205 N.J. 320, 323 (2011)). We start with considering "the plain 'language of the statute, giving the terms used therein their ordinary and accepted meaning.'" Ibid. And where "the Legislature's chosen words lead to one clear and unambiguous result, the interpretive process comes to a close, without the need to consider extrinsic aids." Rivastineo, 447 N.J. Super.at 529. Hence, we do "not 'rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended something other than that expressed by way of the plain language.'" Ibid. (quoting Marino v. Marino, 200 N.J. 315, 329 (2009) (alteration in original)). Yet, a statute's plain language "should not be read in isolation, but in relation to other constituent parts so that a sensible meaning may be given to the whole of the legislative scheme." Wilson ex rel. Manzano v. City of Jersey City, 209 N.J. 558, 572 (2012). "When all is said and done, the matter of statutory construction . . . will not justly turn on literalisms, technisms or the so-called formal rules of interpretation; it will justly turn on the breadth of the objectives of the legislation and the commonsense of the situation." J.H. v. R&M Tagliareni, 454 N.J. Super. 174, 187 (2018) (quoting Jersey City Chapter, P.O.P.A. v. Jersey City, 55 N.J.

86, 100 (1969)).  Simply put, "[a]n absurd result must be avoided in interpreting a statute."  Gallagher v. Irvington, 190 N.J. Super. 394, 397 (App. Div. 1983).

Applying these rules of statutory construction, we conclude that the judge's interpretation of N.J.S.A. 2C:29-7 is contrary to the statute's plain language and to a common sense result.  From our vantage point, the judge's interpretation undermines the clear and plain intent behind the statute – a defendant must appear in court after posting bail, and when he does not, bail jumping occurs.  Relevant to our analysis, the statute provides that bail jumping offense occurs where a person free on bail "upon [the] condition that he will subsequently appear at a specified time and place . . . if, without lawful excuse, [a person] fails to appear at that time and place."  N.J.S.A. 2C:29-7.

Here, defendant appeared for his VOP hearing, but did not to return to court following his drug testing as required by the VOP judge.  To conclude that defendant did not jump bail as defined by the statute because he initially appeared but failed to return creates a fiction that undermines the statute's clear intent – a defendant must appear in court when ordered.  The judge's restrictive view that the statute does not apply because the defendant initially appeared for his VOP hearing, belies a common sense interpretation of the statute.

A-2197-16T3

Although addressing a different factual setting, we find instructive, our decision in State v. Emmons, 397 N.J. Super 112, 125 (2007), where Judge Skillman wrote:

> The basic prohibition of N.J.S.A. 2C:29-7 is perfectly clear. A criminal defendant who has been directed to "appear at a specified time and place" is prohibited from "fail[ing] to appear at that time and place." No "person of ordinary intelligence" would have any difficulty "know[ing] what is prohibited [by N.J.S.A. 2C:29-7], so that he may act accordingly." See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362, 371 (1982).

The judge's interpretation of the statute is not consistent with the whole of the statute – making it a criminal offense for not appearing in court when required. To take the judge's construction of the statute to his illogical conclusion, a defendant who appeared in court and left after a court recess could not be guilty of bail jumping for failure to be present when the judge was prepared to address the defendant's matter after recess. The same can be said if a defendant appears for trial in the morning session but does not return for the trial's continuation in the afternoon.

Finally, we agree with the judge, as well as defendant, that a criminal statute must be strictly construed. See Frank, 445 N.J. Super. at 106 (citation omitted). The judge, however, should not have considered the doctrine of lenity,

7

"which gives words their ordinary meaning and affords any reasonable doubt in favor of the defendant, [but] is 'applied only if a statute is ambiguous, and that ambiguity is not resolved by a review of 'all sources of legislative intent.'" Ibid. (quoting State v. Olivero, 221 N.J. 632, 640 (2015)). Since we discern no ambiguity in the application of N.J.S.A. 2C:29-7 under the circumstances before us, "the rule of lenity . . . is not invoked simply because [the] competing interpretation[]" by defendant – which was validated by the judge – that once he appeared in court he did not jump bail by not returning to court after he was drug tested. State v. Regis, 208 N.J. 439, 451 (2011).

Reversed and remanded for trial.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION