**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2376-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BRIAN W. SESSA,

     Defendant-Appellant.

_____

Submitted March 7, 2019 – Decided April 5, 2019

Before Judges Simonelli and Firko.

On appeal from Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 17-09-0615.

Joseph E. Krakora, Public Defender, attorney for appellant (Brian P. Keenan, Assistant Deputy Public Defender, of counsel and on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Brian W. Sessa appeals from his first conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50(a)(1).  On appeal, defendant raises the following contention:

> DEFENDANT'S SUBSEQUENT DWI [PROSECUTION] WAS BARRED BY DOUBLE JEOPARDY AND FUNDAMENTAL FAIRNESS AFTER HE PLEADED GUILTY TO ASSAULT BY AUTO ARISING FROM THE SAME INCIDENT. (NOT RAISED BELOW).

We reject this contention and affirm.

On July 21, 2017, after ingesting heroin and prescribed drugs, defendant drove a motor vehicle and struck another vehicle, injuring the driver.  The police found heroin in the purse of defendant's passenger and arrested defendant and charged him with DWI and several other motor vehicle offenses.  The Cape May County Prosecutor charged defendant in Accusation No. 17-09-0615 with fourth-degree assault by auto, N.J.S.A. 2C:12-1(c)(2).

The DWI and other motor vehicle charges were joined with the assault by auto charge for trial in the Superior Court.  Defendant decided to proceed by way of Accusation and agreed to enter an unconditional guilty plea to the assault by auto and DWI charges.  In exchange, the State agreed to recommend a fourteen-month term of imprisonment and to dismiss all other related disorderly

persons and motor vehicle charges, except the DWI charge. The State also agreed not to pursue any drug-related charges even though the police found heroin in defendant's vehicle.

At the plea hearing on the assault by auto charge, defense counsel placed the plea agreement on the record and confirmed that defendant would plead guilty to DWI at sentencing. Defendant testified that he signed the plea forms and initialed each page, reviewed each question with defense counsel, understood each question, answered each question truthfully, and was satisfied with the plea agreement. Question thirteen confirmed that defendant would plead guilty to DWI at sentencing. In addition, defendant testified under oath that he would plead guilty to DWI at sentencing. Defendant gave a factual basis that satisfied the elements of N.J.S.A. 2C:12-1(c)(2) − that he drove a motor vehicle after ingesting heroin, in violation of N.J.S.A. 39:4-50, and caused bodily injury to the victim by driving the vehicle recklessly.

At sentencing, defendant pled guilty to DWI and testified that he operated a motor vehicle while under the influence of an intoxicating substance and had no defense. The court sentenced him as a first offender to a mandatory minimum seven-month license suspension and imposed the applicable fees and penalties.

The court then sentenced defendant on the assault by auto charge to a fourteen-month term of imprisonment in accordance with the plea agreement.

Defendant argues for the first time on appeal that because his convictions for DWI and assault by auto arose from the same incident, his DWI conviction, which occurred after he pled guilty to assault by auto, violated the Double Jeopardy Clause and the principles of fundamental fairness.

Generally, we decline to consider issues not raised before the trial court, even constitutional issues, unless they are jurisdictional in nature or substantially implicate the public interest. State v. Galicia, 210 N.J. 364, 383 (2012); Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 2:6-2 (2019). Neither exception is satisfied here. In addition, "[g]enerally, a defendant who pleads guilty is prohibited from raising, on appeal, the contention that the State violated his constitutional rights prior to the plea." State v. Crawley, 149 N.J. 310, 316 (1997). Further, "the failure to enter a conditional plea under [Rule 3:9-3(f)] bars appellate review of issues other than search and seizure and denials of entry into a pretrial intervention program." Pressler & Verniero, Current N.J. Court Rules, cmt. 7 on R. 3:9-3(f) (2019). Nevertheless, we address defendant's argument for the sake of completeness.

A-2376-17T4

To determine what constitutes the "same offense" for purposes of double jeopardy, we apply the "same elements" test articulated by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299 (1932). State v. Miles, 229 N.J. 83, 86, 96 (2017). The Double Jeopardy Clause protects against: "(1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'" Id. at 92 (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). "Common to all three protections is the concept of 'same offense.' Accordingly, a prime concern when reviewing a double-jeopardy claim is 'whether the second prosecution is for the same offense involved in the first.'" Id. at 92-93 (quoting State v. Yoskowitz, 116 N.J. 679, 689 (1989)).

"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. at 93 (quoting Blockburger, 284 U.S. at 304). "In other words, if each statute at issue requires proof of an element that the other does not, they do not constitute the same offense and a second prosecution may proceed." Ibid. (quoting Blockburger, 284 U.S. at 304).

Here, the two charges were joined for trial in the Superior Court and both charges were disposed of in a single plea agreement that addressed both the indictable assault by auto offense and the DWI offense. Thus, there was no second prosecution for double jeopardy purposes. See State v. Williams, 172 N.J. 361, 368 (2002) ("If the offenses are not joined, the omitted offense may not be further prosecuted"); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 3:15-1 (2019).

Even if there was a second prosecution for the DWI offense, it was proper. A person commits fourth degree assault by auto if he: (1) operated a motor vehicle; (2) operated a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, in violation of N.J.S.A. 39:4-50; and (3) caused bodily injury to the victim by operating the motor vehicle recklessly. N.J.S.A. 2C:12-1(c)(2); see also Model Jury Charges (Criminal), "Assault By Auto or Vessel (Bodily Injury, With Drunk Driving Or Refusal) (N.J.S.A. 2C:12-1c)" (2004). A person violates N.J.S.A. 39:4-50(a)(1) if he operated a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug.

Fourth-degree assault by auto requires specific proof of bodily injury to the victim and reckless operation of a motor vehicle and DWI does not.

A-2376-17T4

Applying the Blockburger "same elements" test, the result is clear. These offenses were different offenses, and the subsequent DWI prosecution did not violate the Double Jeopardy Clause.

Nor did the subsequent DWI prosecution violate the doctrine of fundamental fairness. The doctrine of fundamental fairness in the context of double-jeopardy and mandatory-joinder cases is derived from the policy interests underlying those doctrines. Yoskowitz, 116 N.J. at 706. "The primary considerations should be fairness and fulfillment of reasonable expectations in the light of the constitutional and common law goals." Ibid. (quoting State v. Currie, 41 N.J. 531, 539 (1964)).

"The doctrine of fundamental fairness 'is an integral part of due process, and is often extrapolated from or implied in other constitutional guarantees.'" State v. Miller, 216 N.J. 40, 71 (2013) (quoting Oberhand v. Dir., Div. of Taxation, 193 N.J. 558, 578 (2008)). "The doctrine effectuates imperatives that government minimize arbitrary action, and is often employed when narrowed constitutional standards fall short of protecting individual defendants against unjustified harassment, anxiety, or expense." Ibid. (quoting Doe v. Poritz, 142 N.J. 1, 109 (1995)). "'Fundamental fairness is a doctrine to be sparingly applied.' The doctrine is 'applied in those rare cases where not to do so will subject the

A-2376-17T4

defendant to oppression, harassment, or egregious deprivation.'" Id. 171-72 (citations omitted) (quoting Doe, 142 N.J. at 108).

This is not the "rare" case where the doctrine of fundamental fairness mandates reversal of the defendant's DWI conviction. Defendant was not oppressed, harassed, or deprived of his reasonable expectations. The record does not support his disingenuous claim that he reasonably expected his guilty plea to DWI was related to the assault by auto crime and he would not be subject to a separate prosecution and punishment for the DWI offense. Rather, the record confirms that defendant's reasonable expectation was to plead guilty to DWI at sentencing and for the court to impose the sentence in the negotiated plea. The DWI conviction mandated the imposition of the DWI minimum statutory penalties because they survived merger of the two offenses for sentence. See State v. Baumann, 340 N.J. Super. 553, 557 (App. Div. 2001). Accordingly, defendant's DWI conviction did not violate the principles of fundamental fairness.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2376-17T4