NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1012-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

N.T.,

    Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

December 3, 2019

APPELLATE DIVISION

Argued October 16, 2019 – Decided  December 3, 2019

Before Judges Yannotti, Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 07-12-2892.

N.T., appellant, argued the cause pro se.

Ian D. Brater, Assistant Prosecutor, argued the cause for respondent (Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney; Ian D. Brater, of counsel and on the brief).

Stephen P. Hunter, Assistant Deputy Public Defender, argued the cause for amicus curiae The American Civil Liberties Union of New Jersey Foundation and New Jersey Office of the Public Defender (American Civil Liberties Union of New Jersey Foundation and Joseph E. Krakora, Public Defender, attorneys; Tess

Meiling Borden, Jeanne M. LoCicero, Alexander R. Shalom, and Stephen P. Hunter, on the brief).

The opinion of the court was delivered by

CURRIER, J.A.D.

Defendant N.T.[1] appeals from the denial of her petition for expungement of all records relating to her arrest and conviction for third-degree endangering the welfare of a child for causing the child harm that would make the child an abused or neglected child, N.J.S.A. 2C:24-4(a)(2).  Because we conclude that the expungement statute, N.J.S.A. 2C:52-2(b), as amended in 2016, prohibits the expungement of N.T.'s conviction, we affirm.

In 2008, N.T. pleaded guilty to the third-degree endangering the welfare of a child charge.  Two years earlier, the Division of Youth and Family Services had removed N.T.'s four children from her care.  In 2007, the children were returned to their father's custody – N.T's husband.[2]  N.T. was granted two hours weekly of supervised visits.

The charges that led to the plea arose out of an incident that occurred in September 2007, when N.T. became intoxicated while on a supervised visit to the beach with her three-year-old son.  When N.T. went into the water, she

---

[1]  We use initials to preserve the individuals' privacy.  R. 1:38-3(f)(2).

[2]  N.T. and her husband divorced in 2009.

could not swim due to her intoxication, and she had to be rescued by another beachgoer. The child was standing in the waves up to his knees while these events unfolded. The police were called and defendant was arrested and charged with endangering the welfare of a child, public intoxication, and possession of an open container of alcohol on the beach. A subsequent custody order prohibited any contact between N.T. and her children.

N.T. was charged in an indictment with second-degree endangering the welfare of a child in violation of N.J.S.A. 2C:24-4(a). As stated, she pleaded guilty to the amended third-degree charge. During the plea hearing, N.T. stated her actions of drinking and going into the water incapacitated caused mental and emotional harm to her child. N.T. was sentenced to five years' probation and admitted into the Drug Court program.

At the time of N.T.'s plea, N.J.S.A. 2C:24-4(a) provided:

> Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which would impair or debauch the morals of a child, or who causes the child harm that would make the child an abused or neglected child as defined in [N.J.S.A. 9:6-1, N.J.S.A. 9:6-3, and N.J.S.A. 9:6-8.21] is guilty of a crime of the second degree. Any other person who engages in conduct or who causes harm as described in this subsection to a child under the age of [sixteen] is guilty of a crime of the third degree.

A-1012-18T2

N.J.S.A. 2C:52-2(b), the expungement statute in effect at the time of N.T.'s conviction, provided:

> Records of conviction for the following crimes specified in the New Jersey Code of Criminal Justice shall not be subject to expungement: . . . [N.J.S.A.] 2C:24-4(a). (Endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child . . . .)

In 2013, the Legislature amended N.J.S.A. 2C:24-4(a), dividing subsection (a) into two separate paragraphs:

> (1) Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which would impair or debauch the morals of the child is guilty of a crime of the second degree. Any other person who engages in conduct or who causes harm as described in this paragraph to a child is guilty of a crime of the third degree.
>
> (2) Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who causes the child harm that would make the child an abused or neglected child as defined in [N.J.S.A. 9:6-1, N.J.S.A. 9:6-3, and N.J.S.A. 9:6-8.21] is guilty of a crime of the second degree. Any other person who engages in conduct or who causes harm as described in this paragraph to a child is guilty of a crime of the third degree.

In 2016, the Legislature amended N.J.S.A. 2C:52-2(b) in pertinent part, stating:

> Records of conviction for the following crimes specified in the New Jersey Code of Criminal Justice

4

shall not be subject to expungement: . . . subsection a. of [N.J.S.A.] 2C:24-4 (Endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child, or causing the child other harm) . . . .

Also in 2016, the Legislature enacted N.J.S.A. 2C:35-14(m), which permitted individuals who were successfully discharged from Drug Court to petition for expungement. N.J.S.A. 2C:35-14(m) cross-references the exclusions found in N.J.S.A. 2C:52-2(b), and precludes the expungement of convictions that are barred under that statute.

In the ensuing years since N.T.'s conviction, she has worked hard to turn her life around. She regained custody of her children and was successfully discharged from Drug Court in 2011. She has obtained both a real estate and title insurance producer's license and serves as a sponsor to individuals in Alcoholics Anonymous and Narcotics Anonymous. In 2018, N.T. began pursuing her masters of science in clinical mental health counseling at Monmouth University. This degree will allow N.T. to satisfy the licensing requirements to become both a licensed clinical alcohol and drug counselor and a licensed professional counselor.

Despite these achievements, N.T. states that her criminal history has prevented her from obtaining a job with an insurance company as an agent and a position as an independent contractor with a real estate company. Therefore,

she filed a petition under N.J.S.A. 2C:35-14(m) to expunge her 2008 conviction. The motion judge concluded that the plain language of N.J.S.A. 2C:52-2(b) precluded the grant of the petition.

On appeal, N.T. argues that the motion judge erred in finding the language of N.J.S.A. 2C:52-2(b) is unambiguous and prevents the expungement of non-sexual Title 9 crimes. Amici for the American Civil Liberties Union of New Jersey Foundation and the New Jersey Office of the Public Defender join in N.T.'s arguments.

Our review of a trial court's statutory interpretation is de novo. Beim v. Hulfish, 216 N.J. 484, 497 (2014) (citing Zabilowicz v. Kelsey, 200 N.J. 507, 512 (2009); Twp. of Holmdel v. N.J. Highway Auth., 190 N.J. 74, 86 (2007)). "In construing a statute, our 'overriding goal is to determine as best we can the intent of the Legislature, and to give effect to that intent.'" Bermudez v. Kessler Inst. for Rehab., 439 N.J. Super. 45, 50 (App. Div. 2015) (quoting State v. Hudson, 209 N.J. 513, 529 (2012)). "The Legislature's intent is the paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citing Frugis v. Bracigliano, 177 N.J. 250, 280 (2003)). Thus, "[t]he plain language of the statute is our starting point." Patel v. N.J. Motor Vehicle Comm'n, 200 N.J. 413, 418 (2009) (citations omitted). "Courts may not

rewrite a plainly written law or presume that the Legislature intended something other than what it expressed in plain words." In re Plan for Abolition of the Council on Affordable Hous., 214 N.J. 444, 468 (2013) (citing DiProspero, 183 N.J. at 492; O'Connell v. State, 171 N.J. 484, 488 (2002)). "If the language of a statute is clear, a court's task is complete." Ibid.

Here, we need look no further than the plain language of N.J.S.A. 2C:52-2(b) to discern its meaning. The language of the statute unambiguously prohibits the expungement of N.T.'s conviction.

Although the legislative purpose in enacting N.J.S.A. 2C:52-2 was to "provid[e] relief to the reformed offender who has led a life of rectitude and disassociated himself with unlawful activity," the statute includes a list of crimes that are barred from expungement. N.J.S.A. 2C:52-32; see N.J.S.A. 2C:52-2(b). That list includes the prohibition of an expungement of a conviction under "subsection a. of [N.J.S.A.] 2C:24-4 . . . ." N.J.S.A. 2C:52-2(b).

The parenthetical following "subsection a. of [N.J.S.A.] 2C:24-4" states: "Endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child, or causing the child other harm . . . ." Ibid. The language of this parenthetical prior to the 2016 amendment did not include the "or causing the child other harm" language.

N.T. argues that the phrase "'or causing the child other harm' refers to only 'other' harm stemming from sexual conduct." Because there is only one comma in the entire parenthetical and there are not multiple items, N.T. contends the phrase "or causing the child other harm" is a dependent clause and cannot stand alone. She posits that the phrase is related to the independent clause preceding the comma. Therefore, since her conduct was non-sexual in nature, N.T. maintains her conviction is not included in the prohibited list and she is entitled to its expungement. We disagree.

"'[T]he word "or" in a statute is to be considered a disjunctive particle indicating an alternative[.]'" In re Estate of Fisher, 443 N.J. Super. 180, 192 (App. Div. 2015) (first alteration in original) (quotations and citation omitted). When "items in a list are joined by a comma . . . , with an 'or' preceding the last item, the items are disjunctive [or] distinct and separate from each other." State v. Frank, 445 N.J. Super. 98, 106 (App. Div. 2016) (quotations and citations omitted).

The phrases "who engages in sexual conduct which would impair or debauch the morals of a child" and "who causes the child harm that would make the child an abused or neglected child" are separated by a comma and the word "or" indicates they are disjunctive and refer to a list of two distinct harms. Because N.T. was convicted under the pre-amended N.J.S.A. 2C:24-

4(a) of endangering the welfare of a child by abuse or neglect and N.J.S.A. 2C:52-2(b) specifies that convictions under N.J.S.A. 2C:24-4(a) are barred from expungement, the plain language of the statute prevents the expungement.

Despite the unambiguous language, N.T. argues that the intent behind the amended N.J.S.A. 2C:52-2(b) and N.J.S.A. 2C:35-14(m) was to strongly favor expungement for rehabilitated offenders. We agree that is the legislative purpose of the expungement statutes. But the Legislature also included a list of numerous crimes that are barred from expungement. N.J.S.A. 2C:52-2(b). It unambiguously includes the crime to which N.T. pleaded guilty, in stating that any conviction under N.J.S.A. 2C:24-4(a) is barred from expungement. There is no limiting language.

In the 2016 amendment, the Legislature could have specified which paragraphs of N.J.S.A. 2C:24-4(a) were subject to the expungement statute's bar, and limited N.J.S.A. 2C:52-2(b)'s application to convictions arising from sexual conduct or from non-sexual conduct resulting in abuse or neglect. The Legislature did not do so. We infer, through well-established law, that the omission was intentional. See Ryan v. Renny, 203 N.J. 37, 58 (2010).

N.T. also contends that when the Legislature amended N.J.S.A. 2C:24-4(a) in 2013, splitting sexual and non-sexual offenses into two subsections, it

made clear it was treating the two types of conduct differently. However, the two sections numbered (1) and (2) remained under subsection (a). And, through its iterations, N.J.S.A. 2C:52-2(b) has always excluded N.J.S.A. 2C:24-4(a) from being an expungable offense.

N.T. has admirably transformed her life. But her achievements cannot override the unambiguous expungement statute. The plain language of N.J.S.A. 2C:52-2(b) prohibits the expungement of any conviction under N.J.S.A. 2C:24-4(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION